David E. Rayborn  ISB # 3308
raybornlegal@gmail.com
309 2nd St.
Wilder, ID 83676
(208) 233-3914


Attorney for: Southeast Financial Inc.


## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No.:  18-40887-JMM |
| | |
| | Chapter 13 |
| MICHAEL RICHARD KELLEY and | |
| CAMI SUE KELLEY, | |
| | |
| Debtors. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND NOTICE

COMES NOW Southeast Financial Inc., by and through its attorney, David E. Rayborn, and pursuant to 11 U.S.C. 362(d) respectfully moves this court for an order terminating the automatic stay with respect to the collateral hereinafter described, so as to allow the enforcement of creditor's rights in the collateral.  In support of this motion, it is alleged  as follows:

1. On August 29, 2018, debtor Michael Richard Kelley ("debtor") executed a Combination Note, Security Agreement and Federal Disclosure Statement ("agreement") in favor of Southeast Financial Inc. ("creditor") in the principal sum of $10,066.67.  Attached is a copy of the agreement.

MOTION FOR RELIEF FROM AUTOMATIC STAY AND NOTICE  –1–

2. By the terms of the agreement debtor granted to creditor a security interest in the following property ("the collateral"):

2004 CADILLAC LL ESC VIN#3GYFK66N24G159611

By the terms of agreement debtor granted to creditor two additional vehicles as security. At this time, creditor seeks no relief from stay concerning these other two vehicles, as provision for them has been proposed in the Amended Chapter 13 Plan filed in this case (Docket No. 45).

3. Following the time of execution of the agreement, creditor perfected its security interest in the collateral by recording a lien upon the certificate of title to the collateral. As of the time of the filing of this motion, creditor's lien was valid and perfected with respect to the collateral. Documentation of creditor's lien and perfection is attached.

4. To the best of creditor's belief, the value of the collateral is: $7,000.00.

5. As of the date of filing of the bankruptcy petition, the outstanding balance upon the loan agreement was $9,860.00. Since then, debtor has made no payments on the agreement. Interest charges continue to accrue.

6. Debtor has offered no adequate protection of creditor's interest in its collateral. Debtor does not have equity in the collateral, and the property is not necessary to an effective reorganization. No provision has been made in regard to creditor's secured claim in the debtor's Amended Chapter 13 Plan as required by bankruptcy law.

WHEREFORE, creditor Southeast Financial Inc., requests relief as follows:

1. That the court order that the automatic stay under 11 U.S.C. 362(a) be terminated so as to allow creditor to enforce its rights in its collateral.

MOTION FOR RELIEF FROM AUTOMATIC STAY AND NOTICE  –2–

2.  In light of the circumstances alleged above, that the fourteen (14) day stay provided by

Fed. R. Bankr. P. 4001(a)(3) be waived.

DATED: 12-31-2018

/s/
David E. Rayborn
Attorney for Southeast Financial Inc.

MOTION FOR RELIEF FROM AUTOMATIC STAY AND NOTICE   –3–

## NOTICE

YOU ARE HEREBY NOTIFIED that pursuant to Section 362(e) of the Bankruptcy Code, the automatic stay in force in this case will automatically terminate by operation thirty (30) days from the date of service of this Motion without further notice and hearing unless the Court, after appropriate notice and hearing, and within said thirty (30) day period, orders that the stay be continued in effect pending a final hearing to determine the issues raised herein.

YOU ARE FURTHER NOTIFIED that if you oppose this Motion, you must file and serve an Objection thereto not later than seventeen (17) days after the date of service of this Motion. The Objection shall specifically identify those matters contained in this Motion that are at issue and any other basis for opposition to this Motion. Absent the filing of a timely Objection, the Court may grant the relief sought without a hearing. If an Objection to this Motion is filed, such Objection must be served upon the undersigned attorney and upon all parties receiving service of this motion.

YOU ARE FURTHER NOTIFIED that if you oppose this Motion, you must contact the Court's calendar clerk to schedule a preliminary hearing. At the time you file your Objection to this Motion, you must file and serve a notice of such preliminary hearing.

YOU ARE FURTHER NOTIFIED that in the event an order continuing the stay is not entered within thirty (30) days from the date this Motion is served, the Court will enter an order without further notice to you granting the relief requested in the Motion and terminating the automatic stay. No stipulation or agreement as to continuation of the automatic stay contrary to the provisions of Section 362(e) will be considered effective or binding by this creditor unless in writing and approved by and on file with the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that the moving party will also ask the Court to otherwise make its order effective upon filing, pursuant to Fed. R. Bankr. P. 4001(a)(3), to allow immediate enforcement and that the fourteen (14) day stay of Fed. R. Bankr. P. 4001(a)(3) shall be deemed waived.

DATED:  12-31-2018

/s/
David E. Rayborn
Attorney for Southeast Financial Inc.

DATE OF LOAN: 18-40087-JMM    ACCOUNT NO: D07934

# COMBINATION NOTE, SECURITY AGREEMENT AND FEDERAL DISCLOSURE STATEMENT

**LENDER'S NAME AND ADDRESS:**
SOUTHEAST FINANCIAL OF POCATELLO INC.
275 SOUTH 5TH AVE SUITE 120
POCATELLO, ID 83201

**BORROWER'S NAME AND ADDRESS:**
MICHAEL R KELLEY
346 BALLARD RD
POCATELLO, ID  83202

**CO-BORROWER'S NAME AND ADDRESS:**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | AMOUNT FINANCED The amount of credit provided to you and/or on your behalf. | FINANCE CHARGE The dollar amount the credit will cost you. (A + B below) | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 31.26 | $ 10,066.67 | $ 5,773.33 | $ 15,840.00 |

Non-Refundable Prepaid Finance Charge $ 220.30 (A)    Interest Charge $ 5,553.03 (B)

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | First Payment Due Date: | Other Payments Are Due on the Same Day of Each Month | Final Payment Due Date: | Amount of First Payment: | Amount of Other Payments: |
|---|---|---|---|---|---|
| 36 | 10/13/18 | | 09/13/21 | $ 440.00 | $ 440.00 |

## SECURITY AGREEMENT

As a condition to this agreement I shall be required to sign all necessary documents, titles, deeds of trust, or mortgages provided to me by SOUTHEAST FINANCIAL OF POCATELLO INC.

[✓] The Borrower(s) agrees and does hereby grant unto Lender, upon the consideration of the funds advanced and loaned to me as set forth in this document, a security interest in the following property:

[ ] This loan is Unsecured.

Description of Property:

4 BLACK CADILLAC ESCALADE

98 DURANGO 170115 96 INTREPID 162723

| AGREED RATE OF INTEREST: | 30.00 % |
|---|---|
| ITEMIZATION OF AMOUNT FINANCED: | 10,066.67 |
| AMOUNT GIVEN DIRECTLY TO YOU: | 2,000.00 |
| AMOUNT PAID ON YOUR BEHALF: | 6,926.14 |

**AMOUNT GIVEN TO OTHERS ON YOUR BEHALF:**

| | | |
|---|---|---|
| To Ins. Co. for  Single Level  Life Insurance: | | 481.80 |
| To Ins. Co. for 7-Day Credit Disability Insurance: | | 630.73 |
| To Ins. Co. for | | |
| To or For  Appraisal Fee | | |
| To or For  Title Registration | | 28.00 |
| To or For  Recording Fee | | |
| To or For | | |
| To or For | | |

Description of Automobile (if any):

| YEAR | MODEL | MAKE | BODY | VIN # | LICENSE # |
|---|---|---|---|---|---|
| 4 | BLACK ESCALADE | CADILLAC | 4 DOOR | 3GY5SK66N24G159611 | |

**MINIMUM FINANCE CHARGE:** If Borrower(s) pays this loan off early the borrower understands and acknowledges that the non-refundable prepaid finance charge is fully earned at the time of signing and no portion of it shall be refunded.
**LATE CHARGE:** If any payment is more than 10 days past due, a late charge of 5 cents may be collected on each $1.00 or part of $1.00 of the unpaid amount of the payment, or $12.50, whichever is greater.
**PREPAYMENT:** If Borrower(s) prepays the loan in full and the original term of the loan is 61 months or less, the Lender will rebate interest for the months prepaid computed by the Rule of 78. Additional refunds will be made pursuant to Section 28-42-307(3)(a), Idaho Credit Code, if the loan is prepaid in full before the first payment due date.  If the original term of the loan was more than 61 months, the Actuarial method will be used for the computation of the interest rebate.  If you pay off early, you will not have to pay a penalty.
**APPLICABLE LAW:**  This loan is made under the Idaho Credit Code.
**PROMISE TO PAY:**  Borrower(s) promises to pay the Lender the TOTAL OF PAYMENTS in consecutive monthly payments beginning on the FIRST PAYMENT DUE DATE until fully paid.  Interest after maturity shall be at the AGREED RATE OF INTEREST stated above.
**ACCELERATION:** If any payment is not paid when due or if Borrower(s) fails to comply with any of the terms of this agreement, the unpaid balance of this indebtedness may at the option of the Lender become due and payable without demand or notice, and if this occurs, the Borrower(s) shall be allowed a refund or credit of unearned interest computed as set forth.
**INSURANCE ON COLLATERAL:**  Borrower promises to keep all property given as security interest on this loan fully insured until this loan is completely paid.  If Borrower fails to obtain or keep insurance for the collateral, the Lender may purchase insurance and apply the premium to the Borrower's loan.
**REPOSSESSION:**  If Lender repossesses and sells the collateral, the proceeds shall be applied to the loan balance.  The Borrower agrees to pay any remaining balance resulting from the insufficiency of the repossession proceeds.
**ATTORNEY FEES:**  If the AMOUNT FINANCED listed above exceeds $1,000 and this loan agreement is referred to an attorney for collection, I agree to pay reasonable attorney fees and court costs.
**DISHONORED CHECK FEE:**  In the event any check, draft or instrument I give Lender as a full or partial payment under this agreement is dishonored, returned to Lender as an insufficient funds instrument or dishonored for any other reason, I will pay to Lender a fee of $20.00.
**CO-BORROWER:**  Co-borrower by signing this note agrees to remain responsible without being notified by Lender if security is released or the terms of payment are changed.  Co-borrower also agrees to remain responsible without being notified by Lender that Note has not been paid.
**LOAN STATEMENT:**  Borrower(s) acknowledges receipt of a copy of this Combination Note, Security Agreement, and Federal Disclosure Statement.
**IDENTIFICATION:**  The words I, you and me mean the Borrower(s) and anyone else signing this Combination Note, Security Agreement, and Federal Disclosure Statement.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

WITNESS: _Richard Santos_     BORROWER: _Michael Kelley_

WITNESS: _____     BORROWER: _____

WITNESS: _____     CO-BORROWER: _____

# IDAHO CERTIFICATE OF TITLE

(Rev. 09-13)
Supply # 016755298

**VEHICLE IDENTIFICATION NUMBER**
3GYFK66N24G159611

| | YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|---|
| | 2004 | CADI | IL | ESC | |

**2ND VEHICLE IDENTIFICATION NUMBER**

ODOMETER READING  EXEMPT   DATE

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH | WIDTH | HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|---|---|
| A046000184 | 12/10/2015 | | | | | | |

**OWNER'S NAME AND ADDRESS**

OTHER PERTINENT DATA

KELLEY, MICHAEL RICHARD OR
KELLEY, CAMI S CHRISTENSEN
BALLARD/HAWTHORNE
RR 2 BOX 81
POCATELLO, ID 83202

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

**Odometer Reading** - Reading is actual unless indicated otherwise

(No tenths)          Reading Date

☐ In Excess of Mechanical Limits      ☐ Exempt

☐ Not Actual - **Warning: Odometer Discrepancy**      ☐ No Device

Date Sold                Selling Price (See warning above)

Seller's or Representative's Printed Name(s)

I certify, to the best of my knowledge, that the odometer reading reflects the actual mileage unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I (realize) must file a release of liability statement within five days of delivering the vehicle to the purchaser.

Seller's or Representative's Signature

A   X

B   X

5  1st Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Busin...

6  2nd Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Busin...

7  Mailing Address and Physical Address (if different)

8  City                State    Zip

If I apply for title in Idaho, I know I must do so within 30 days of purchase or a $20.00 late filing penalty will be due. I am aware of the odometer certification made by the seller.

1st Purchaser's Signature (or Representative's Signature)

A   X

2nd Purchaser's Signature (or Representative's Printed Name)

B   X

## Lienholder Section

**First Lien**
SOUTHEAST FINANCIAL INC
POCATELLO BRANCH
275 S 5TH AVE  STE 120
POCATELLO, ID 83201
RECORDED 11/27/2015

Signature Releasing Lien                Date
9   X

**Second Lien**

9

Signature Releasing Lien                Date
10  X

New Lienholder's Name

11

Address

12

City                State    Zip

13

1290 2428

VOID IF ALTERED. EAGLE WATERMARK VISIBLE IF HELD TO LIGHT